# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PHILLIP G. NERI,

    Plaintiff,

v.

NEW JERSEY STATE PAROLE BOARD, et al.,

    Defendants.

Civ. No. 13-3722 (RBK) (AMD)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is currently incarcerated at the Mid-State Correctional Facility in Wrightstown, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On June 28, 2013, the Court administratively terminated the case as Plaintiff has neither paid the applicable filing fee nor submitted an application to proceed *in forma pauperis*. Subsequently, Plaintiff submitted an amended complaint along with an application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case. Based on the *in forma pauperis* application, the Court will grant plaintiff's application and will order the Clerk to file the amended complaint.

At this time, the Court must review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the amended complaint will be dismissed for failure to state a claim, and Plaintiff will be granted leave to amend.

1

## II. BACKGROUND

Plaintiff brings this civil rights action against Defendants, the New Jersey State Parole Board, James Plouis, Chief Craig Shindewolf, Officer D'Amico, Officer Shirley Brown and Hearing Officer Carla Shabazz. The following factual allegations are taken from the complaint, and are accepted as true for purposes of screening the complaint only.

The thrust of Plaintiff's complaint arises from his parole revocation proceedings that occurred earlier this year. Plaintiff's parole was recommended to be revoked by Hearing Officer Shabazz on February 22, 2013 based on the following violations:

> PSL Condition # 20 – Refrain from any contact with any group, club, association or organization that engages in, promotes or encourages illegal or sexually deviant behavior.
> PSL Special Condition – Refrain from possession or use of a computer with Internet access without prior approval of the District Parole Supervisor.
> PSL – Special Condition – Refrain from using any computer and/or device to create any social networking profile or to access any social networking service.

(Civ. No. 13-4555, Dkt. No. 1 at p. 15.)[1] On April 24, 2013, the New Jersey State Parole Board adopted the recommendation of Hearing Officer Shabazz. (*See id.*)

Plaintiff states that Defendant Brown went online to an adult fantasy website and downloaded, printed or purchased incriminating evidence against Plaintiff so that it made Plaintiff look like he was violating the terms of his parole. (*See* Dkt. No. 5 at p. 9.) He claims that his Fifth Amendment Due Process rights were violated by this evidence tampering. (*See id.*)

---

[1] The Court takes judicial notice of the Parole Board's decision that Plaintiff attached to his habeas petition filed in this Court in Civ. No. 13-4555. *See Grynberg v. Total Compagnie Francaise Des Petroles*, 891 F. Supp. 2d 663, 675 (D. Del. 2012) (taking judicial notice of opinions and court filings from various related cases); *Barlow v. United States*, No. 10-2770, 2012 WL 274011, at *3 n.4 (D.N.J. Jan. 31, 2012) ("[T]he Court may take judicial notice of court records.") (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007)).

Plaintiff also asserts that Defendant D'Amico yelled and verbally threatened Plaintiff "during a 'biased' and unjust 'polygraph" test." (*Id.* at p. 10.) Plaintiff also states that Defendant D'Amico fabricated what took place during the polygraph exam and falsified police reports. (*See id.*)

Plaintiff further alleges that he wrote to Defendants Plouis and Schindewolf several times explaining the constitutional violations arising from his parole revocation proceedings to no avail. (*See id.* at p. 7.)

Plaintiff raises several claims related to his parole revocation proceedings. He first claims that his Fifth Amendment right against self-incrimination was violated when he was forced to answer incriminating questions without the protection of an attorney during a polygraph examination on October 4, 2012. (*See id.* at p. 11.) Next, Plaintiff contends that he was deprived of property without due process of law because he "lost all of his worldly possessions, including rare stamp collection, coin collection, comic books, and baseball cards, as well as his apartment, car, clothes and everything else due to unethical undocumented delays in the Parole Revocation Process." (*See id.*) He further contends that his Sixth Amendment right to a speedy trial was violated.

Additionally, Plaintiff argues that his Fourth Amendment rights were violated due to an illegal search and seizure by Defendant Brown when she searched Plaintiff's apartment on October 4, 2012. He states that she was "armed with illegally obtained false probable cause searches." (*See id.* at p. 12.)

Plaintiff also contends that the Code of Professional Conduct was violated at his parole revocation proceedings. Specifically, he claims that Defendant Brown lied under oath at his

hearing. Furthermore, he alleges that Defendant Shabazz did not impartially and diligently perform her duties during the hearing. (*See id.* at p. 13.)

In addition to raising the claims cited above related to his parole revocation proceeding, Plaintiff also alleges as follows:

> Where [sic] at CRAF [Central Reception and Assignment Facility], the plaintiff is locked down 23 hours a day, like a death row inmate, has no books read, no way to practice his religion, no church services, ½ portions of food, mice and roach infestations, forced by staff to go out in the freezing cold just to have cells searched and destroyed. Ice cold cells, cold water to shower, no visits (even thought [sic] there was a memo from Administrator Evelyn Davis stating Prison Reception Unit inmates could in fact get visits) Which are direct violations of an inmates [sic] rights as detailed in the NJDOC inmate handbook, page # 9.

(*See id.* at p. 12.)

Plaintiff seeks immediate release and that his parole revocation be expunged. Furthermore, he seeks monetary damages in the amount of $8.5 million.

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

4

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV. DISCUSSION

The majority of Plaintiff's complaint concerns his parole revocation proceedings. "It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action."[3] *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court analyzed whether a prisoner could challenge the constitutionality of his conviction in a suit for damages under § 1983. The Supreme Court rejected using § 1983 as a vehicle to challenge the lawfulness of the criminal judgment, stating as follows:

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm by actions whose
> unlawfulness would render a conviction or sentence invalid, a §
> 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of
> habeas corpus. 28 U.S.C. § 2254. A claim for damages bearing
> that relationship to a conviction or sentence that has *not* been so
> invalidated is not cognizable under § 1983. Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it

---

[3] The Court notes that Plaintiff has filed two separate habeas actions in this Court. (*See* Civ. Nos. 13-3668 & 13-4555.)

> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.

*Heck*, 512 U.S. at 486-87. In *Williams*, 453 F.3d at 177, the Third Circuit determined that a plaintiff's § 1983 claims were barred by *Heck* because success on his claims "would necessarily demonstrate the invalidity of the Parole Board's decision" to revoke the plaintiff's parole. Thus, in *Williams*, the Third Circuit held that the *Heck* bar applied as plaintiff had not shown that the Parole Board's decision had been rendered invalid. *See id.*; *see also Connolly v. Arroyo*, 293 F. App'x 175, 177-78 (3d Cir. 2008) (per curiam) ("The duration of Connolly's confinement after he was arrested on the parole violator warrant has never been reversed on appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and he, therefore, has not satisfied *Heck*'s favorable termination rule.") (footnote and citation omitted).

In this case, Plaintiff does not allege in his amended complaint that the Parole Board's decision has ever been rendered invalid. Accordingly, Plaintiff's claims related to his parole revocation proceedings are barred by *Heck* as they would necessarily demonstrate the invalidity of the Parole Board's decision. *Accord Connolly*, 293 F. App'x at 177-78; *Williams*, 453 F.3d at 177.

Nevertheless, as stated above, Plaintiff also alleges in his amended complaint that he has suffered cruel and unusual punishment based upon the conditions of his confinement while at the Central Reception and Assignment Facility ("CRAF") in Trenton, New Jersey. To state a claim under the Eighth Amendment for cruel and unusual punishment, a plaintiff must allege both an objective and a subjective component. *See Wilson v Seiter*, 501 U.S. 294, 298 (1991), *see also Counterman v. Warren Cnty. Corr. Facility*, 176 F. App'x 234, 238 (3d Cir. 2006). Only

"extreme deprivations" are sufficient to make out an Eighth Amendment claim. *See Hudson v. McMillan*, 503 U.S. 1, 9 (1992). As to the objective component, only those deprivations denying the "minimal civilized measure of life's necessities," which includes food, clothing, shelter, sanitation, medical care and personal safety qualify as sufficiently grave to form the basis of an Eighth Amendment violation. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249 (3d Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). As to the subjective component, the plaintiff must show that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson*, 501 U.S. at 298-99.

Plaintiff fails to state an Eighth Amendment cruel and unusual punishment claim as he fails to allege a subjective component to state a claim. Indeed, as previously described, all of the Defendants that Petitioner names in the complaint took part in his parole revocation process and proceedings. The complaint is devoid of any allegations that any of these defendants were deliberately indifferent to Plaintiff's health or safety. As such, Petitioner fails to state an Eighth Amendment claim.

As noted in Part II, *supra*, Plaintiff also states that, while at CRAF, he had no way to practice his religion or attend church services. (*See* Dkt. No. 5. at p. 12.) The Court interprets this allegation as Plaintiff's attempt to raise a First Amendment – free exercise of religion claim. "[C]onvicted prisoners do not forfeit all constitutional protections by reason of . . . conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (citations omitted). "The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate 'a reasonable opportunity of pursuing his faith.'" *Bland v. Aviles*, No. 11-1742, 2012 WL 137783, at *6 (D.N.J. Jan. 18, 2012) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 & n.2 (1972)). "The mere assertion of a religious belief does not automatically trigger First Amendment

protections, however. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000); *see also Sutton v. Rasheed*, 323 F.3d 236, 250-51 (3d Cir. 2003).

In this case, Plaintiff does not assert what his religious beliefs are, nor does he allege in what way any of the named Defendants interfered with his exercise of religious beliefs. While Plaintiff does allege that he was prevented from attending "church services," as previously stated, all of the allegations against the named Defendants in this case relate to Plaintiff's claims arising from the parole revocation proceedings, not the conditions of confinement allegations. Accordingly, Plaintiff has failed to state a First Amendment – free exercise claim. *Accord Bland*, 2012 WL 137783, at *6 (holding that plaintiff failed to state a free exercise claim when he did not assert what his religious beliefs were nor did he allege in what way any defendant interfered with his exercise of his religious beliefs); *Williams v. Montileon*, No. 10-3341, 2011 WL 1983361, at *4 (D.N.J. May 20, 2011) (holding that plaintiff failed to state a free exercise claim when he "d[id] not assert facts showing that he ha[d] any sincerely held religious beliefs, and he d[id] not assert facts showing how, when and under what circumstances defendants interfered with his exercise of his religious beliefs").

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must grant Plaintiff leave to amend the complaint unless amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In this case, because it is possible that Plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein with respect to his cruel and unusual punishment and free exercise claims, Plaintiff shall be given leave to amend.

## V. CONCLUSION

For the foregoing reasons, the amended complaint will be dismissed without prejudice with leave to amend. An appropriate order will be entered.


DATED: August 26, 2013

                                        s/Robert B. Kugler_____
                                        ROBERT B. KUGLER
                                        United States District Judge