UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILIP G. NERI,

    Plaintiff,

v.

NEW JERSEY STATE PAROLE BOARD, et al.,

    Defendants.

Civ. No. 13-3722 (RBK) (AMD)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff is proceeding *pro se* with a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. On August 27, 2013, this Court granted plaintiff's application to proceed *in forma pauperis* and dismissed plaintiff's first amended complaint without prejudice for failure to state a claim and this case was closed. Plaintiff was given thirty days in which to file a second amended complaint. Plaintiff filed a second amended complaint on September 16, 2013. Therefore, the Clerk will be ordered to reopen this case.

At this time, the Court must review the second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the second amended complaint will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

1

## II. BACKGROUND

On June 17, 2013, the Court received plaintiff's original complaint in this case. On August 1, 2013, plaintiff submitted his first amended complaint. On August 27, 2013, the Court dismissed the first amended complaint without prejudice. First, the Court noted that the majority of plaintiff's first amended complaint concerned his parole revocation proceedings. Ultimately, it was determined that plaintiff's claims related to his parole revocation proceedings were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as plaintiff had not alleged that the Parole Board's decision has ever been rendered invalid. Furthermore, the Court determined that plaintiff had failed to state a claim with respect to his allegations of cruel and unusual punishment due to the conditions of confinement and his violation of his free exercise of religion rights. Plaintiff was given leave to file a second amended complaint to correct these deficiencies.

On September 16, 2013, the Court received plaintiff's second amended complaint. (*See* Dkt. No. 8.) Plaintiff once again challenges his parole revocation in his second amended complaint. Indeed, he claims that he had to wait 142 days for his first parole hearing which violated his right to due process. Furthermore, he alleges that the parole violations as written were vague and ambiguous which also violated his right to due process. Plaintiff also states that his Fifth Amendment right against self-incrimination was violated during the parole revocation proceedings when he was made to take a "maintenance polygraph." He also claims that his due process rights were violated due to possible selective and vindictive prosecution due to the parole revocation proceedings.

Additionally, plaintiff claims that his rights to illegal search and seizure were violated when his parole officer came to his home on October 2, 2012 to do a home visit. Plaintiff states that as a result of this purported illegal search and seizure, the "fruit of the poisonous tree"

doctrine should apply. Plaintiff states that he was arrested on October 4, 2012, and that the parole officer added incriminating images and illustrations to plaintiff's report to make it appear that plaintiff was not in parole compliance.

Finally, plaintiff alleges that he has suffered cruel and unusual punishment. As a basis for this claim, plaintiff states that "[i]t could be construed as cruel and unusual punishment to send a man away to prison for doing what other American[s] can do any day of the year." (Dkt. No. 8 at p. 11.) He states that his incarceration constitutes cruel and unusual punishment because, "a person who breaks the law, i.e. murderer, arsonist, gets off for good behavior, whereas a first time parole violator, has to serve a full time sentence, is akin to cruel and unusual punishment, when you factor in that his alleged violations are not illegal or repetitive in nature." (*Id.* at p. 12.)

Plaintiff requests that he no longer be on parole and seeks $ 8.5 million in monetary damages. He further requests the appointment of counsel and an immediate injunction to put to an end plaintiff's parole requirements "so that Plaintiff may properly research, prepare and argue his constitutionally backed civil claim[.]" (Dkt. No. 9 at p. 1.)

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts

to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.  DISCUSSION

A.  Merits

Plaintiff challenges the legitimacy of his parole revocation proceeding and hearings in his second amended complaint. As the Court noted in its August 27, 2013 Opinion, plaintiff's claims are barred by *Heck* if success on his claims "would necessarily demonstrate the invalidity of the Parole Board's decision[.]" *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Plaintiff's second amended complaint is similarly barred by *Heck* as was his first amended complaint because success on the claims raised in the amended complaint would necessarily demonstrate the invalidity of the Parole Board's decision that plaintiff violated his parole. *See id.*; *see also Connolly v. Arroyo*, 293 F. App'x 175, 177-78 (3d Cir. 2008) (per curiam) ("The duration of Connolly's confinement after he was arrested on the parole violator warrant has never been reversed on appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and he, therefore, has not satisfied *Heck's* favorable termination rule.").

5

Additionally, unlike plaintiff's first amended complaint, he does not challenge the conditions of confinement[2] or allege that his free exercise rights were violated. Accordingly, the complaint will be dismissed without prejudice because it is barred by *Heck*. *See Brown v. City of Phila.*, 339 F. App'x 143, 145-46 (3d Cir. 2009) ("[w]hen a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.") (internal quotation marks and citation omitted).

B. Request for Immediate Parole Injunction

Plaintiff requests an immediate injunction/temporary restraining order to end any and all parole requirements until such time as "plaintiff may properly research, prepare and argue his constitutionally backed civil claim" in this Court. (Dkt. No. 9 at p. 1.) The court construes the request as a motion for a preliminary injunction. To secure the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Bragg v. Balicki*, Civ. No. 10-3803, 2011 WL 734705, at *3 (D.N.J. Feb. 22, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 42 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order)). A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the

---

[2] Plaintiff alludes to the fact that he has suffered cruel and unusual punishment. However, his allegations do not relate to the conditions of his confinement. Instead, his allegations argue that he is suffering from cruel and unusual punishment due to his confinement for his parole violations because he was sent to prison "for doing what any other American can do any day of the year". (*See* Dkt. No. 8 at p. 11.) Such a claim is similarly barred by *Heck* as it challenges his parole revocation in the first place, not his living conditions while imprisoned.

injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam); *see also Glazewski v. Corzine*, Civ. No. 06-4107, 2008 WL 2915482, at *1 (D.N.J. July 25, 2008); *Schwartz v. United States Dep't of Justice*, Civ. No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007). Furthermore, "[a] plaintiff must establish that all four factors favor preliminary relief." *Bragg*, 2011 WL 734705, at *3 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

In this case, plaintiff's motion for an immediate parole injunction will be denied. The court has screened the second amended complaint and determined that it has failed to state a claim. Accordingly, plaintiff fails to show a likelihood of success on the merits to warrant granting an injunction. Therefore, the motion will be denied.

C. Request for the Appointment of Counsel

Plaintiff has also requested the appointment of counsel. (*See* Dkt. No. 8 at p. 13; Dkt. No. 9.) Indigent persons raising civil rights claims have no absolute constitutional right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors) Applying these factors to this case, the Court will deny plaintiff's requests for the appointment of

counsel. The second amended complaint is barred by *Heck* and will be dismissed without prejudice. Therefore, plaintiff's request for the appointment of counsel will also be denied.

## V.     CONCLUSION

For the foregoing reasons, the second amended complaint will be dismissed without prejudice. An appropriate order will be entered.


DATED: February 6, 2014

                                                               s/Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge