UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILIP G. NERI, :
:
    Plaintiff, : Civ. No. 13-3722 (RBK) (AMD)
:
v. :
:
NEW JERSEY STATE PAROLE BOARD, et al., : OPINION
:
    Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Philip G. Neri, is formerly a state prisoner who is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is Mr. Neri's request for reconsideration of a previous opinion of this Court and request for the appointment of pro bono counsel. (*See* Dkt. Nos. 24 & 27) Based on these two filings, the Clerk will be ordered to reopen this case. For the following reasons, both requests will be denied.

## II.    BACKGROUND

Previously, this Court interpreted several of Mr. Neri's filings (Dkt. Nos. 14-19) as his "third amended complaint." This "third amended complaint" was screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

This Court dismissed Mr. Neri's "third amended complaint" and did not give him leave to amend. This Court went through the procedural history of this case in a prior opinion (*see* Dkt. No. 20) and need not do so again here. Nevertheless, Mr. Neri's "third amended complaint"

challenged his parole revocation proceedings in 2012 and parole revocation proceedings in 2014. Mr. Neri also alluded to his right to be free from cruel and unusual punishment and right to free exercise of religion in his "third amended complaint." Furthermore, Mr. Neri sought the appointment of counsel.

This Court determined that Mr. Neri's claims related to his parole revocation proceedings in 2012 and 2014 were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Most notably, this Court noted that Mr. Neri failed to allege that either the 2012 or the 2014 parole board decisions had been rendered invalid. Accordingly, *Heck* barred Mr. Neri's claims related to these proceedings because success on these claims "would necessarily demonstrate the invalidity of the Parole Board's decision[s]." *Williams v. Consovoy*, 453 F.3d 173, 176 (3d Cir. 2006); *see also see also Connolly v. Arroyo*, 293 F. App'x 175, 177-78 (3d Cir. 2008) ("The duration of Connolly's confinement after he was arrested on the parole violator warrant has never been reversed on appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and he, therefore, has not satisfied *Heck*'s favorable termination rule.").

Additionally, Mr. Neri's claim that the parole agent violated his Fourth Amendment rights by searching his residence in 2012 and 2014 without a warrant also failed to state a claim. As this Court noted, "[t]he Supreme Court has explained that the Fourth Amendment does not require a parole agent or officer to have a warrant or probable cause before searching a parolee or his residence. Instead, an agent need have only a 'reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity.'" *United States v. Eggleston*, 243 F. App'x 715, 717 (3d Cir. 2007) (citing *United States v. Knights*, 534 U.S. 112, 121 (2001)).

To the extent that Mr. Neri sought his release from state custody in his "third amended complaint," this Court noted he needed to do so in a petition for writ of habeas corpus, not this § 1983 action.

This Court further explained that Mr. Neri's right to be free from cruel and unusual punishment and free exercise claims were not properly joined in this action. Furthermore, and for purposes of completeness, this Court also determined that Mr. Neri failed to state a claim upon which relief may be granted on these two claims as well.

Mr. Neri's application for the appointment of counsel was also denied. That application was denied because Mr. Neri had failed to state a claim upon which relief may be granted in his "third amended complaint."

Mr. Neri has filed a request for reconsideration from the dismissal of his "third amended complaint" as well as another request for the appointment of counsel. Mr. Neri takes exception to this Court's dismissal of his claims related to his parole revocation proceedings based on *Heck*. Furthermore, Mr. Neri claims that this Court erred in denying his request for the appointment of counsel.

### III.  STANDARD FOR MOTION FOR RECONSIDERATION

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't,* No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski,* No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a

motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC,* 99 Fed.Appx. 405, 410 (3d Cir. 2004). Additionally, Rule 59(e) requires that it be filed within twenty-eight days after the entry of judgment. *See* Fed. R. Civ. P. 59(e).

## IV.   DISCUSSION

A.  Request for Reconsideration

At the outset, this Court notes that Mr. Neri filed his request for reconsideration well beyond the twenty-eight day limit permitted by the Rules. Nevertheless, despite this procedural barrier, Mr. Neri's motion for reconsideration can also be denied on the merits. As noted previously, this Court determined that Mr. Neri's claims related to his parole revocation proceedings were barred by *Heck* because success on his claims would necessarily call into question the validity the Parole Board's decisions and Mr. Neri had not alleged that the Parole Board's decisions had been rendered invalid. *See Williams*, 453 F.3d at 177. Mr. Neri's arguments to the contrary notwithstanding, his motion for reconsideration does not establish that this reasoning was incorrect.

Mr. Neri also appears to take exception in his request for reconsideration with this Court's denial of his previous request for the appointment of counsel. This Court noted the applicable standard in deciding Mr. Neri's previous request for the appointment of counsel; indeed:

> Indigent persons raising civil rights claims have no absolute
> constitutional right to counsel.  *See Parham v. Johnson*, 126 F.3d

4

> 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

(Dkt. No. 20 at p. 15-16) Because Mr. Neri's "third amended complaint" was dismissed, it therefore followed to deny his request for the appointment of counsel because he did not sufficiently state a claim upon which relief could be granted. Therefore, Mr. Neri's request for reconsideration will be denied.

   B. <u>Request for the Appointment of Counsel</u>

Mr. Neri has also filed another request for the appointment of counsel. (*See* Dkt. No. 27) However, as there is no longer an operative complaint in this case and because Mr. Neri has failed to sufficiently state a claim that may entitle him to relief, this new request will also be denied.

### V.    CONCLUSION

For the foregoing reasons, Mr. Neri's request for reconsideration and request for the appointment of pro bono counsel will be denied. An appropriate order will be entered.


DATED: January 4 , 2017                                                 s/Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                 United States District Judge